**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

EDDIE LEONARD SIMMONS,

       Plaintiff,
v.

B & B CONTRACTING, INC.,
ROBERT H. BAZZANO,
WALTER BEATON,
FRANKIE ALAMEDA,

       Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, EDDIE LEONARD SIMMONS, brings this action against Defendants, B & B CONTRACTING, INC., ROBERT H. BAZZANO, WALTER BEATON, and FRANKIE ALAMEDA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff EDDIE LEONARD SIMMONS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, B & B CONTRACTING, INC., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of tile installation, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.  Defendants use materials such as tiles in furtherance of their construction projects and business activities that were manufactured outside Florida.

5.  Defendant, ROBERT H. BAZZANO, is a resident of Broward Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, B & B CONTRACTING, INC.; said Defendant acted and acts directly in the interests of Defendant, B & B CONTRACTING, INC., in relation to said co-Defendant's employees. Defendant effectively dominates B & B CONTRACTING, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, ROBERT H. BAZZANO was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

6.  Defendant, WALTER BEATON, is a resident of Broward Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, B & B CONTRACTING, INC.; said Defendant acted and acts directly in the interests of Defendant, B & B CONTRACTING, INC., in relation to said co-Defendant's employees. Defendant effectively dominates B & B CONTRACTING, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, WALTER BEATON was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

7.  Defendant, FRANKIE ALAMEDA, is a resident of Broward Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, B & B CONTRACTING, INC.; said Defendant acted and acts directly in the interests of Defendant, B & B CONTRACTING, INC., in relation to said co-Defendant's employees. Defendant effectively dominates B & B CONTRACTING, INC. administratively or otherwise acts, or has the power to

act, on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, FRANKIE ALAMEDA was and is an "employer" of Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants employed Plaintiff as a tile installer and laborer.

9. Defendant, ROBERT H. BAZZANO, controlled Plaintiff's pay.

10. Defendant, ROBERT H. BAZZANO, controlled Plaintiff's duties.

11. Defendant, ROBERT H. BAZZANO, controlled Plaintiff's schedule.

12. Defendant, WALTER BEATON, controlled Plaintiff's pay.

13. Defendant, WALTER BEATON, controlled Plaintiff's duties.

14. Defendant, WALTER BEATON, controlled Plaintiff's schedule.

15. Defendant, FRANKIE ALAMEDA, controlled Plaintiff's pay.

16. Defendant, FRANKIE ALAMEDA, controlled Plaintiff's duties.

17. Defendant, FRANKIE ALAMEDA, controlled Plaintiff's schedule.

18. Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours Plaintiff worked.

19. Defendants failed to pay Plaintiff for the hours that Plaintiff worked.

20. Attached as <u>Exhibit A</u> is Plaintiff's Statement of Claim, which provides a preliminary estimate of the date ranges and hours Plaintiff worked, Plaintiff's rate of pay, amount Plaintiff received, and damages. These amounts may change as Plaintiff engages in the discovery process.

21. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

22. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

23. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

24. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-23 above as if set forth herein in full.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

26. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

## COUNT II
## VIOLATION OF ANTI-RETALIATION PROVISION OF FLSA
## ALL DEFENDANTS

27. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28. Plaintiff complained and protested Defendants' failure to pay Plaintiff his full and proper overtime compensation.

29. Soon after Plaintiff complained, Defendants terminated Plaintiff in retaliation for Plaintiff's complaints and protestations regarding Defendants' failure to pay Plaintiff his full and proper overtime compensation in violation of 29 U.S.C. section 215(a)(3).

34.     As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, including but not limited to back and front pay, lost benefits and other remuneration and an additional equal amount as liquidated damages (see 29 U.S.C. § 216(b)), appropriate equitable relief (e.g., employment, reinstatement, promotion), damages for emotional distress, award of cost, fees and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791